# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| MARK EMERSON WILLEY, | |
| Petitioner, | No. C10-0093-LRR |
| vs. | **ORDER** |
| JOHN FAYRAM, | |
| Respondent. | |

## *I. INTRODUCTION*

The matter before the court is United States Chief Magistrate Judge Jon S. Scoles's report and recommendation (docket no. 33). Judge Scoles filed his report and recommendation on August 15, 2013. Such report and recommendation addressed an application for a writ of habeas corpus under 28 U.S.C. § 2254 (docket no. 4), which was filed by Mark Emerson Willey ("petitioner"). In the report and recommendation, Judge Scoles recommends that the court deny the petitioner's application for a writ of habeas corpus. Judge Scoles also recommends that the court decline to grant a certificate of appealability. The petitioner filed objections to the report and recommendation on September 3, 2013.

## *II. STANDARD OF REVIEW*

The standard of review to be applied by the district court to a report and recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. . . .

28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) (making clear that, where a proper objection is made, the district court must determine de novo a magistrate judge's recommendation on a dispositive motion). The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a de novo review of a magistrate judge's report where such review is required. *See, e.g., United States v. Lothridge*, 324 F.3d 599, 601 (8th Cir. 2003); *Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995); *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994). However, the plain language of the statute governing review provides only for de novo review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Therefore, portions of the proposed findings or recommendations to which no objections were filed are reviewed only for "plain error." *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (reviewing factual findings for "plain error" where no objections to the magistrate judge's report were filed).

### III. ANALYSIS

The petitioner did not object to all of Judge Scoles's findings of fact and conclusions of law. The court finds that no plain error occurred as to those findings of fact and conclusions of law, and, therefore, the court shall adopt them. Moreover, having conducted a de novo review of the record, which includes but is not limited to the application for a writ of habeas corpus (docket no. 4), the respondent's motion to dismiss (docket no. 10), the respondent's answer (docket no. 11), the petitioner's resistance (docket no. 13), the petitioner's supplemental resistance (docket no. 14), the respondent's reply (docket no. 15), the petitioner's brief (docket no. 24), the respondent's brief (docket no. 25), the petitioner's reply brief (docket no. 26), the relevant state court documents and the report and recommendation (docket no. 33), the court finds that there is no basis to grant relief under 28 U.S.C. § 2254(d). The report and recommendation contains a very

thorough and cogent analysis of the facts and applicable law. The court concludes that Judge Scoles's recommended disposition of the application for a writ of habeas corpus is fully supported by the factual record and controlling legal authorities. Because no violation of the law—Fifth Amendment, Sixth Amendment, Fourteenth Amendment or otherwise—occurred, relief under 28 U.S.C. § 2254 is not warranted. Thus, the court shall adopt the report and recommendation without making any changes.

In sum, after thoroughly reviewing the record, the court finds that the petitioner's claims are without merit. It is appropriate to deny the application for a writ of habeas corpus because the Iowa courts neither reached a decision contrary to that reached by the United States Supreme Court on a question of law nor correctly identified the applicable principles of federal law but then unreasonably applied that law to the facts of the petitioner's claims. 28 U.S.C. § 2254(d)(1); *see also Newman v. Hopkins*, 247 F.3d 848, 850-52 (8th Cir. 2001) (discussing *Williams v. Taylor*, 529 U.S. 362 (2000)). And, it cannot be said that any decision by the Iowa courts was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(2). Consequently, the claims raised in the application for a writ of habeas corpus do not warrant relief under 28 U.S.C. § 2254(d). *See Harrington v. Richter*, ___ U.S. ___, 131 S. Ct. 770, 785 (2011); *Williams*, 529 U.S. at 362. Finally, the court concludes that there is no reason to grant a certificate of appealability. 28 U.S.C. § 2253.

### IV. CONCLUSION

In light of the foregoing, the court concludes that there is no ground to reject or modify the findings and conclusions that Judge Scoles included in his report and recommendation. Therefore, the court shall adopt Judge Scoles's report and recommendation.

**IT IS HEREBY ORDERED:**

(1) The petitioner's objections (docket no. 34) are **OVERRULED**.

(2) Judge Scoles's report and recommendation (docket no. 33) is **ADOPTED**.

(3) The petitioner's application for a writ of habeas corpus (docket no. 4) is **DENIED**.

(4) A certificate of appealability is **DENIED**. Having thoroughly reviewed the record in this case, the court finds that the petitioner failed to make the requisite "substantial showing" with respect to the claims that he raises in his application for a writ of habeas corpus. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because he does not present questions of substance for appellate review, there is no reason to grant a certificate of appealability. If he desires further review of his application for a writ of habeas corpus, the petitioner may request the issuance of a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals, in accordance with *Tiedeman v. Benson*, 122 F.3d 518, 520-22 (8th Cir. 1997).

**DATED** this 3rd day of September, 2013.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA